STATE OF NORTH CAROLINA v. JAMES ROBERT GRANT

No. 101

(Filed 30 July 1971)

Criminal Law § 84; Searches and Seizures § 1— warrantless search of automobile — consent of owner — absence of passenger's consent — trial of passenger

      No search warrant was required for the search of an automobile trunk where the owner of the automobile was present and consented to the search, and fruits of the search were properly admitted in the trial of a passenger, notwithstanding the passenger did not consent to to the search.

APPEAL by defendant from *Copeland, S.J.,* October 23, 1970, Schedule D, Criminal Session, MECKLENBURG Superior Court.

Defendant was tried upon a bill of indictment charging him with second degree burglary. The jury returned a verdict of guilty as charged and judgment imposing an active prison sentence was pronounced thereon.

The State's evidence tends to show that Mrs. Lucy Rochelle returned to her home on Cove Creek Drive in Charlotte about 10:45 p.m. on July 9, 1970. A car parked in her driveway began backing out as she pulled in behind it. She backed out to allow the car to leave. Upon reentering her driveway and getting out of her car, Mrs. Rochelle saw the defendant coming out of her house. When she yelled at him he fled around the side of the house, pausing only to fire one shot from his gun. Upon enter-

ing the house, she determined that various items had been taken, including numerous articles of her husband's clothing (four or five suits, approximately thirty-two or thirty-five shirts, one trench coat, five pairs of slacks, four or five sport coats and a hundred or more ties), a revolver, cartridges, two partially filled bottles of liquor, and a camera. The liquor, the camera and the box in which the gun was stored were found at the back of the house.

On the morning of July 10, 1970, Police Detective P. H. Aderholt investigated the incident at Mrs. Rochelle's request. She told the officer she recognized the defendant as one of the workmen from Baucom Sheet Metal Company who had been installing central air conditioning in her house.

Detective Aderholt went to Baucom Sheet Metal Company and found that they had a check made out to defendant which he was expected to pick up. He was not working that day, having reported in sick. Approximately noon, Douglas Grant, brother of the defendant, came to pick up defendant's check. After a short conversation with him, Douglas Grant was placed in the squad car. They drove one block up the street from Baucom Sheet Metal Company where Douglas Grant's automobile was parked facing the approaching police car. Inside were the defendant and one other person.

Detective Aderholt testified that as he entered this street defendant tried to drive off, but "I cut into the side of his car and knocked the car over to the curb and held it there." Detective Ballantine, who was with Detective Aderholt, told the two men in the car that they were under arrest. Detective Aderholt then asked Douglas Grant if he could look into the trunk of his car.

At this point in the trial, defendant moved to suppress for that the ensuing search and seizure was illegal. A *voir dire* examination was conducted and Detective Aderholt testified: "The defendant was under arrest at this time. Douglas Grant was in the back seat of the police car. I asked Douglas Grant's permission to search the car. He stated the stuff was in the back seat— in the trunk of the car. He did not object to our going into the trunk of the car. Whereupon I opened the trunk and found all the clothes from Mrs. Rochelle's home and the pistol and two boxes of ammunition. The defendant gave us the key to the auto-

mobile. The key was in the ignition at that time; he was sitting behind the steering wheel."

Scott Hartsell, the passenger in the car driven by defendant, testified on *voir dire* that he did not hear any of the detectives ask the defendant if they could go into the trunk. He testified that he did not hear any conversation between Douglas Grant and the detective nor did he hear the defendant object, "because he had been removed from the car and he was in the rear of the [police] car at the time."

The defendant testified on *voir dire* that Mr. Ballantine ran up, threw a pistol in his face, and told him not to move. He said Ballantine pulled him out of the car and said "shut your damn mouth." He opened the trunk. The officer "did not ask my permission to go in there." He did not hear any conversation between Douglas Grant and the officer with regard to the trunk.

Douglas Grant testified on *voir dire* that he told Detective Aderholt, upon being asked about searching the trunk, that he could not go into the trunk because he didn't have a search warrant.

At the close of the *voir dire* the trial judge found as a fact that the defendant was under arrest and that permission was given for the search of the trunk. The judge concluded as a matter of law (1) that the search of the vehicle was incident to a lawful arrest; (2) that the search was made with the consent of the owner of the vehicle, Douglas Grant; and (3) that no search warrant was required under the law. The jury was thereupon recalled and the fruits of the search were admitted in evidence over defendant's objection.

Defendant presented evidence tending to show that he was at home in bed at the time of the robbery.

From the guilty verdict and judgment pronounced thereon, defendant appealed to the Court of Appeals. The case was transferred to this Court under its general order of July 31, 1970.

*William D. McNaull, Jr., Attorney for defendant appellant.*

*Robert Morgan, Attorney General; William W. Melvin and T. Buie Costen, Assistant Attorneys General, for the State.*

---

State v. Grant

---

HUSKINS, Justice.

Defendant contends the warrantless search of the automobile was illegal in that (1) it was not a search incident to a lawful arrest, and (2) it was not a search by consent of the defendant. Hence, defendant argues, the fruits of the search were tainted and inadmissible in evidence against him.

There was evidence to show, and the trial court found on *voir dire,* that the owner of the car consented to the search of the trunk. We are bound by this factual finding *State v. Little,* 270 N.C. 234, 154 S.E. 2d 61 (1967). With the owner present and consenting, defendant's consent was not required to validate the search. Under such circumstances, a passenger or a guest has no legal basis upon which to object to a search of the car by peace officers. *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506 (1965). See Comment, Third Party Consent to Search and Seizure, 33 U. Chi. L. Rev. 797 (1966). The fruits of the search were thus lawfully obtained and properly admitted in evidence. Under these circumstances a search warrant was not required.

Other points raised are not reached since discussion of them is not necessary to decision in the case.

In the trial below we find

No error.