State v. Foster

STATE OF NORTH CAROLINA v. JAMES T. FOSTER AND RUDOLPH McCURDY, JR.

No. 7518SC532

(Filed 19 November 1975)

1. Criminal Law §§ 34, 96— witness's and defendant's prior conviction — evidence withdrawn — prejudice not cured

In a prosecution for armed robbery where defendants' only witness was required to testify over defendants' objection that he and defendant McCurdy had previously been convicted of armed robbery, the trial court's admonitions given the jury during his charge to disregard the testimony of the witness concerning prior convictions did not effectively erase the prejudicial effect of the evidence.

2. Criminal Law § 113— witness's prior conviction — jury instruction

There is no "presumption" or rule of law to the effect that a person of good character is less likely to tell an untruth than one whose character is bad, or one who has been convicted of a crime, and the trial court's instructions relative to the evidence of a witness's prior conviction should have limited jury consideration, if they believed the evidence, to its bearing on credibility.

APPEAL by defendants from *McConnell, Judge.* Judgments entered 31 January 1975, Superior Court, GUILFORD County. Heard in the Court of Appeals 15 October 1975.

Armed robbery charges against the defendants and Joe Medley were consolidated for trial. Medley participated in the jury selection, but before the jury was empaneled, his plea of guilty to accessory after the fact to armed robbery was accepted by the State, and his case was severed. Defendants then moved for mistrial or the selection of another jury which would not have knowledge of Medley's change of plea. The motion was denied.

The State's evidence tends to show that two black men wearing ski masks entered a self-service grocery store on 21

October 1974 and announced to T. W. Hollingsworth, operator, that "this is a holdup." One had a shotgun and the other a pistol. Hollingsworth opened the cash register, and one of the men removed the money. The men left the store, jumped into a waiting vehicle and sped off as Hollingsworth fired at the vehicle.

An eyewitness, Carolyn Owenby, heard the shots and saw two black males jump into the car which contained a third person in the driver's seat. Officer Allred received a description of the car and observed a black over red Dodge Demon containing five black males about 8:45 p.m. the same night, within 30 minutes of the robbery. The car was stopped. Defendant McCurdy was driving and defendants Foster and Medley were passengers.

Medley, owner of the car, gave permission for a search, producing the keys to the trunk. In plain view on the right front floorboard, the officers found a large bag containing rubber gloves, three ski masks and a large amount of cash, checks made out to Hollingsworth and money orders. A sawed-off shotgun and a .38 caliber pistol were found under the front seat of the car.

The defendants' only witness was Joe Medley, who testified defendants got out of his car at the apartment of some girl friends; that he and two others drove to Hollingsworth's store; the two others went into the store; that he heard shots about five minutes later; and that they came running back to the car and told him to drive off.

The jury found both defendants guilty of robbery with a firearm and from sentences to imprisonment, defendants appeal.

*Attorney General Edmisten by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Assistant Public Defender Richard S. Towers for defendant appellants.*

CLARK, Judge.

[1] Joe Medley, the only witness to testify for the defendants, was asked about prior convictions; he answered that he had been convicted of armed robbery in Union County and that the case was now on appeal in the State's Supreme Court. He was then asked, "Who was convicted along with you?" The trial

court overruled defendants' objection and Medley replied, "Mc-Curdy was convicted with me." Defendants then moved for a mistrial. The court denied the motion.

In the charge to the jury the trial court instructed as follows:

> "Upon cross examination it was brought out that the defendant Medley testified that he had been previously tried and convicted with defendant McCurdy. That was objected to at the time the State asked the question of Medley and the Court did not sustain the objection, but at this time I do sustain the objection and request and direct you that you are not to consider any testimony that McCurdy may have been convicted of any other crime. He and Foster did not go upon the stand, as they both had a right not to do, and the fact that they did not should not be considered against them and they are not being tried for any other crime, and if there is some testimony he may have been convicted of another crime, you should disregard it and not let it influence you in this case. He is being tried only on the alleged robbery of T. W. Hollingsworth."

Medley's testimony of the defendant McCurdy's prior conviction was erroneously admitted. The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. This general rule and its exceptions are treated fully by Justice Ervin in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). The trial court attempted to negate the error by giving the foregoing cautionary instructions to the jury. In some cases the cautionary admonitions of the trial judge are ineffective to erase from the minds of a jury the effects of prejudicial testimony. *Bruton v. U. S.*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968); *State v. Bronson*, 10 N.C. App. 638, 179 S.E. 2d 823 (1971).

*Sub judice*, Medley was the only witness for defendants. He and both defendants were charged with the same offense of armed robbery. He was required to testify that he and defendant McCurdy had been previously convicted of armed robbery. Under these circumstances the cautionary admonitions did not effectively erase the prejudicial effect of the evidence. And though the inadmissible evidence related only to defendant McCurdy's prior conviction, it was also prejudicial to defendant Foster since they were being tried together as codefendants.

**[2]** The defendants also assign as error the instructions to the jury which the trial judge gave, after referring to the evidence of prior conviction of the defendants' witness Medley, as follows:

> " . . . It goes only to the credibility of the witness, that is, it goes to his character, that is, that a person convicted of a crime is less apt to tell the truth than a man of good character who has not been convicted of such crime, but it does not go to the substance of this case, only goes to whether or not you believe or disbelieve the witness Medley."

There is no "presumption" or rule of law to the effect that a person of good character is less likely to tell an untruth than one whose character is bad, or one who has been convicted of a crime. 1 Stansbury, N. C. Evidence 2d, (Brandis rev. 1973), § 102. The court's instructions relative to the evidence of Medley's prior conviction should have limited jury consideration, if they believed the evidence, to its bearing on credibility, its weight and influence being solely for the jury to determine.

Since we must order new trials for both defendants for the errors as indicated, we do not consider now the other assignments of error.

New trials.

Chief Judge BROCK and Judge HEDRICK concur.