STATE OF NORTH CAROLINA v. JAMES T. FOSTER AND RUDOLPH McCURDY, JR.

No. 7618SC838

(Filed 4 May 1977)

1. **Criminal Law § 84; Searches and Seizures § 2— warrantless search of auto — consent by owner — objections by passengers irrelevant**

    The lawful user of a car may consent to its search, and passengers in a car may not object to incriminating evidence seized pursuant to a warrantless search when the owner or person having possession and control of the car consented to the search.

2. **Criminal Law § 84; Searches and Seizures § 2— warrantless search of auto — consent by owner**

    Evidence was sufficient to support the trial court's conclusion that one of defendant's companions was in control of the car driven by defendant and that the companion consented to its search; however, even if defendant was in some way a part owner of the car, his consent to its search could be inferred from his silence in the face of the consent given by the one in apparent control of the car.

3. **Criminal Law § 92— severance — discretionary matter**

    The right or propriety of a severance rests on circumstances showing that a joint trial would be prejudicial and unfair, and in the absence of showing that defendant has been deprived of a fair trial, the exercise of the court's discretion will not be disturbed.

4. **Criminal Law § 35— evidence that crime committed by another — exclusion proper**

    The trial court in an armed robbery case did not err in excluding evidence that two other people had pled guilty to armed robbery and another had pled guilty to accessory after the fact, since the excluded evidence tended to show that those three people were involved in the crime, but it did not show that defendant was not involved as a principal in the first or second degree or as an accessory.

5. **Constitutional Law § 81; Criminal Law § 138.11— different punishment upon second trial — error**

    Where defendants were convicted in an earlier trial and given sentences to run concurrently with any other sentences they were then

serving, but defendants appealed and were awarded a new trial, the trial court upon retrial erred in considering evidence of prior convictions of both defendants, which evidence was not before the judge at the first trial, and in imposing sentences to run consecutively to any sentences they were then serving.

APPEAL by defendants from *Seay, Judge.* Judgments entered 13 May 1976, in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 March 1977.

Defendants pled not guilty to charges of armed robbery of T. W. Hollingsworth from his store on Kivett Drive in High Point on 21 October 1974.

Evidence for the State tended to show that about 8:20 p.m. on 21 October 1974 T. W. Hollingsworth was approached in his store by two men wearing ski masks and rubber gloves; one carried a revolver and the other a sawed-off shotgun. While one held the shotgun to the victim's head, the other rifled the cash register, taking about $1,546.00 in cash and several checks and money orders. Both then ran out of the store to a waiting car with a red body and a black top. The victim ran out of his store with a gun and shot twice when the men were getting in the car, which "scratched off" at high speed. Carolyn Owenby, who was standing in front of her house near the store, saw the red car with black top in front of the store, saw two men run from the store to the car, and heard two shots.

Mr. Hollingsworth called the High Point Police immediately after the robbery. Officer Allred, Winston-Salem Police, received a radio call at 8:36 p.m. which reported the robbery, and stated that the robbers left the scene in a late model red car with black top occupied by several black men. At 8:45 p.m. Officer Allred saw a red car with black top, began following it, and called for assistance; another car with two officers joined him, and they stopped the car.

Defendant McCurdy was driving the car; defendant Foster, John Lyons, Fred Roger McCormick and Joe Floyd Medley were passengers. They were told that they were stopped because of the radio report of the armed robbery. They were advised of their *Miranda* rights. The title to the car was in the name of Medley's wife. Medley consented to a search and gave to the officers a set of keys. They opened the trunk but found nothing. They saw on the floor of the car a paper bag with rubber

gloves on top of it. The bag was taken from the car. In it the officers found three knit ski masks, money, and checks made payable to Hollingsworth's store. On the front seat they found wrapped in a rag a sawed-off shotgun and a revolver. Hollingsworth identified the shotgun as the one used by one of the robbers. The shotgun was identified as one sold to defendant Foster on 14 September 1974.

Defendants moved to suppress evidence taken from the car. After *voir dire* hearing the court found that Medley was in control of the car and gave consent to search and also found that the rubber gloves and paper bag were in plain view. Defendants' motions to suppress were denied.

Defendant McCurdy offered no evidence. McCormick testified for defendant Foster that he and Lyons robbed Hollingsworth, that Medley drove the car to the store and then to an apartment where they picked up the defendants.

The court excluded evidence offered by defendant Foster that Lyons and McCormick pled guilty to armed robbery, that Medley pled guilty to accessory after the fact, and that all were sentenced to imprisonment.

The jury found defendants guilty as charged and they appealed from judgments imposing imprisonment.

*Attorney General Edmisten by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Assistant Public Defender Frederick G. Lind for defendant appellants.*

CLARK, Judge.

[1] The denial of defendants' motions to suppress was not error. The constitutional right to be free from unreasonable searches and seizures may be waived. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). The lawful user of a car may consent to its search. 68 Am. Jur. 2d, Searches and Seizures § 53 (1973). Passengers in a car may not object to incriminating evidence seized pursuant to a warrantless search when the owner or person having possession and control of the car consented to the search. *State v. Grant*, 279 N.C. 337, 182 S.E. 2d 400 (1971); *State v. Raynes*, 272 N.C. 488, 158 S.E. 2d 351 (1968).

**[2]** Defendants contend that there is evidence that Foster was the owner of the car on the night in question and that there is no evidence that Foster ever consented to the search. The only evidence which would support a finding that defendant Foster owned the car was the testimony of Officer Johnson, who stated that

". . . After advising them of their rights and they stated that they understood their rights, I then made an attempt to determine who the owner of the car was. To the best of my recollection, Mr. McCurdy had been operating the vehicle. Mr. Medley was the owner. Or his wife, was the owner of the car and he had sold the automobile, or his wife had sold the automobile somehow or another to Foster. Foster was making payments but the title had never changed. . . ."

He also testified that the keys to the trunk were obtained from Mr. Medley. Defendant Foster did not testify on *voir dire* that he was the owner. Neither Mr. or Mrs. Medley testified on *voir dire* about any sale to Foster. Officer Allred testified on *voir dire* that he checked the license number and found that the car was registered to Mrs. Medley.

Upon *voir dire,* the weight to be given to the evidence is for the trial judge to determine, and his findings are conclusive when supported by competent evidence. *State v. Little,* 270 N.C. 234, 154 S.E. 2d 61 (1967). We conclude that the trial court committed no error in concluding that Mr. Medley was in control of the car and that he consented to its search. Even assuming that defendant Foster was in some way a part owner of the car, we conclude that his consent may be inferred from his silence in the face of the consent given by Mr. Medley, the one in apparent control of the car. *State v. Coffey,* 255 N.C. 293, 121 S.E. 2d 736 (1961).

The trial court denied the motion of the defendant McCurdy for a severance of his case from that of defendant Foster for trial. Under G.S. 15A-926(b) "joinder of defendants for trial" refers to what frequently has been called "consolidation" for trial. See Official Commentary. The statute provides:

"(1)  Each defendant must be charged in a separate pleading.

(2)  Upon written motion of the prosecutor, charges against two or more defendants may be joined for trial . . . . "

State v. Foster

[3]   Ordinarily, the ruling on a motion to consolidate cases for trial lies within the sound discretion of the trial judge. *State v. Alford,* 289 N.C. 372, 222 .S.E. 2d 222 (1976). The right or propriety of a severance rests on circumstances showing that a joint trial would be prejudicial and unfair, and in the absence of showing that defendant has been deprived of a fair trial, the exercise of the court's discretion will not be disturbed. *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976).

The trial court may in its discretion order a joinder of defendants for trial as provided in G.S. 15A-926 (b) unless there is a showing that a joint trial would be prejudicial and unfair, i.e., the existence of antagonistic defenses, or the admission of evidence which would be excluded on a separate trial, or the exclusion of evidence which would be admitted. In the case before us there was no showing of prejudice by the joinder, and we find no merit in this assignment of error.

[4]   The defendant Foster assigns as error the exclusion of evidence that Lyons and McCormick had pled guilty of armed robbery and Medley pled guilty of accessory after the fact. The obvious purpose of this evidence was to show that someone else committed the crime charged. Evidence that another committed the crime charged is not competent unless it is of such character as to exclude the guilt of the accused. *State v. Millican,* 158 N.C. 617, 74 S.E. 107 (1912) ; *State v. Baxter,* 82 N.C. 602 (1880). The proffered evidence tended to show that McCormick, Lyons and McCurdy were involved in the crime, but not to show that defendant Foster was not involved as a principal in the first or second degree or as an accessory. The evidence was properly excluded.

We find no error in the denial of defendants' motions for nonsuit. The evidence that the defendants aided and abetted in the commission is circumstantial, but it could be reasonably inferred from the evidence that the defendants were present in the car at the time of the robbery, that defendant McCurdy drove the car from the scene, and that defendant Foster's shotgun was used in the robbery. We find the evidence sufficient to support the verdicts.

[5]   The judgments sentencing the defendants to imprisonment were ordered to begin at the expiration of any sentence already being served. This was the second trial of the defendants. In the first trial they were convicted, and judgments were entered

on 31 January 1975. The judgment for defendant McCurdy ordered that the sentence of 25 years to imprisonment "run concurrently with any other sentence the defendant is now serving." The judgment for .defendant Foster of 25 years to imprisonment was silent as to when the sentence began to run, but by operation of law his sentence would also run concurrently with any other unserved sentence or sentences. *State v. Troutman,* 249 N.C. 398, 106 S.E. 2d 572 (1959). The defendants appealed from the 31 January 1975 judgments, and this Court found error and ordered new trials for both defendants. See *State v. Foster,* 27 N.C. App. 531, 219 S.E. 2d 535 (1975).

After verdict in the second trial, the trial judge in sentencing hearings received and considered evidence of prior convictions of both defendants, which evidence was not before the trial judge when the sentences of 31 January 1975 were imposed. Thereupon, judgments were entered imposing prison sentences of 25 years to run consecutively with any already being served. We find that the trial court erred in imposing more severe sentences than the court imposed in the first trial of the defendants. In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969), it was held that neither the double jeopardy provision nor the equal protection clause imposes an absolute bar to a more severe sentence upon reconviction but that the due process clause would be violated if the trial court imposed a heavier sentence on retrial for the purpose of punishing the defendant for his having succeeded in getting his original sentence set aside.

> "In order to assure the absence of such motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. These reasons must be based upon objective information concerning identifiable conduct on the part of the defendant *occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis added.) 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed. 2d at 670.

In the case before us, the criminal conduct of the defendants and their convictions therefor occurred before the time of

State v. Foster

the original sentencing proceeding. Even though the trial judge in imposing the original sentences did not consider this information, on retrial the trial judge still could not consider those prior convictions of the defendants in imposing a more severe sentence. Although the language of *Pearce* limits the judge to consideration of conduct after the original sentencing proceeding, we are unsure that the policies underlying *Pearce's* construction of the due process clause (elimination of retaliatory motivation upon resentencing) would not be equally well served by allowing consideration of any conduct unknown to the judge at first trial, irrespective of when the conduct occurred. See *North Carolina v. Pearce, supra,* (White, Justice concurring). Nonetheless, we feel constrained by the unequivocal language of *Pearce. United States v. Hawthorne,* 532 F. 2d 318 (3d Cir. 1976); *United States v. Floyd,* 519 F. 2d 1031 (5th Cir. 1975) (2-1); *United States v. Gambert,* 433 F. 2d 321 (4th Cir. 1970); *United States v. Lopez,* 428 F. 2d 1135 (2d Cir. 1970) (2-1); *Pinkard v. Neil,* 311 F. Supp. 711 (M.D. Tenn. 1970).

We find no error in the trial of the defendants, but the judgments entered herein are vacated, and the cases are remanded for proper judgments consistent with *North Carolina v. Pearce, supra.*

No error but judgments vacated and remanded for proper sentences.

Judges BRITT and HEDRICK concur.