## 71745. JOTHIER v. THE STATE.
(340 SE2d 624)

Banke, Chief Judge.

The defendant was convicted of trafficking in cocaine and speeding. On appeal, he contends that the trial court erred in failing to suppress the cocaine seized from the trunk of his vehicle following his arrest for speeding.

A deputy sheriff stopped the defendant for exceeding the speed limit on I-95 in Liberty County, Georgia. During the hearing on the defendant's motion to suppress, the deputy testified that although the defendant appeared to be under the influence of something, he could smell no alcohol about him, nor see any evidence of intoxicants in the passenger compartment of the car. The deputy stated that in response to his asking the defendant if he would mind opening the trunk, the defendant "volunteered and went and got the keys out of the ignition and went back there and opened the trunk for me." The deputy testified that he saw a shopping bag with a shoe box in it and asked the defendant "if he minded taking the lid off the shoe box," whereupon the defendant "done it on his own free will and . . . opened the shoe box and there was two bags." The bags were filled with a white powder which ultimately was determined to be cocaine. The defendant controverted the deputy's testimony, maintaining that he had opened the trunk because the deputy told him to do so. *Held*:

"Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent." *McKendree v. State*, 133 Ga. App. 295, 296 (211 SE2d 154) (1974). However, such consent must be the product of an essentially free and unrestrained choice by its maker. *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 1041, 36 LE2d 854) (1973). Although it does not appear that the defendant made any verbal response to the deputy's request that he open the trunk, the trial court could reasonably have concluded from the deputy's testimony that the defendant did so of his own free will, without coercion of any kind. The trial court's decision on questions of fact and credibility at a suppression hearing must be sustained unless clearly erroneous. See *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974). Based on the testimony of the deputy, the trial court's

decision in this case must be affirmed.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 17, 1986 —
REHEARING DENIED FEBRUARY 4, 1986.

*Charles P. Rose, Jr., Nicholas A. DeJohn,* for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr.,
Assistant District Attorney,* for appellee.