**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Henry Leon VARONA–ALGOS,
Defendant-Appellant.**

No. 86–3722
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 7, 1987.

John Calmes (court-appointed), Baton Rouge, La., for defendant-appellant.

Bradley C. Myers, Asst. U.S. Atty., P. Raymond Lamonica, U.S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge.

Appellant, Henry Leon Varona-Algos, was convicted in federal district court of possession with intent to distribute approximately two kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). He appeals claiming (1) the original traffic stop which led to the search and discovery of the cocaine lacked probable cause and was a violation of his constitutional rights, (2) the search of defendant's suitcase in the trunk of the car was unlawful and a violation of his constitutional rights, and (3) inculpatory statements given after he had been arrested and given his Miranda warnings were involuntary because of his illegal arrest and also the threat of possible deportation.

On Saturday morning, February 1, 1986, Louisiana State Trooper Millican was instructed by his shift supervisor to look out for a maroon-colored Datsun with Florida license tags. The number of the license was given to him. He was instructed to attempt to stop the vehicle for a traffic violation and to identify and question its occupants. The trooper saw the vehicle and followed it. It moved off the road onto the shoulder of the highway for a brief stretch, at which point he stopped the vehicle to charge it for improper lane usage under Louisiana law. After talking to the driver of the vehicle outside the car and getting word of his destination, the trooper then separately interviewed appellant Varona who was the passenger.

Because the driver and passenger independently gave inconsistent stories as to where they were going, the trooper had them both get out of the car and asked the driver if he would sign a consent to search the vehicle and its contents. The driver did so with alacrity and raising no objection at all. When the trunk was opened, a bag which the driver identified was his was lifted out and searched and no contraband was found. The other bag in the trunk was lifted out, and Varona said it looked like his. In the course of a careful search the cocaine was discovered in the pants legs of some bluejeans. At this point Varona denied that the luggage was his and said that he did not know how the cocaine had gotten in there.

When the cocaine was discovered both driver and passenger were arrested and taken to police facilities. Before Varona was questioned he was given Miranda warnings at the facility. Later appellant was questioned by officials of the Immigration and Naturalization Service. It was said to him in response to his question that he was under possible threat of deportation after a conviction of the cocaine offense. He at that point began to discuss the possibility of a plea bargain. No promises or bargain were made.

Of the three claims made on appeal by Varona the first and most serious is the issue concerning the right to stop the vehicle in the first place. There is no doubt but that the trooper used a brief and minor infraction of the traffic laws as an excuse to stop a vehicle that he had been instructed to stop if he could properly do so. In *United States v. Smith*, 799 F.2d 704 (11th

Cir.1986), the court found that a "weaving of the car toward the center line was just a 'pretextual' reason for the stop." It went on to hold that the stop was illegal. The government distinguishes the *Smith* case on the ground that no traffic citation for the weaving was given although a traffic citation for driving on the shoulder was given in this case. But that the stop was pretextual is clear.

Both the magistrate and the district court in memorandum opinions evaluated the testimony of the trooper and decided that the stop was justified as a proper traffic stop. It would be difficult to overturn this conclusion because it was based upon facts as found by the magistrate and the court. In any event, however, it is not necessary for us finally to resolve the question as to whether this stop was justified.

Although the evidence given by Varona is conflicting, it is clear that there was substantial evidence to support the holding that the consent of the driver of the vehicle to the search of the vehicle and its contents was completely voluntary. There is no need to belabor this point by reviewing the testimony. Varona, however, says that the consent was not valid because he was the actual owner of the automobile. This contention is not persuasive because the registration records within the car showed it to be registered in the name of someone who was not present. Varona claimed that he had purchased the car but that he had not yet had time to change the registration. But so far as the trooper could know at that time the car was in charge of the driver, not the appellant.

It is also urged by the government that in any event Varona consented to the search of his luggage by implication by making no objection when as a matter of routine searching after the consent the trooper picked up his bag after he had searched the driver's bag. Since he did not claim full ownership but equivocated, the consent of the driver to the search would be adequate. In any event, the magistrate and the district court found that he had impliedly consented to the search by standing by and equivocally acknowledging that the bag was his and allowing the trooper to go ahead without any objection although, they also found, he knew his rights.

■ On the basis of the evidence we can only conclude that the search of his luggage was not in violation of his right of privacy. Further, it is well established that the consent to search as long as there are no coercive tactics at all with respect to the search can purge the illegality of the original stop assuming it was illegal. In *United States v. Ruigomez*, 702 F.2d 61, 65 (5th Cir.1983), we stated that the government "has a heavier burden of proving actual, valid consent" when the stop was illegal. We acknowledge this requirement. But there is not the slightest contrary evidence in this case challenging the conclusion that the consent to search was completely voluntary.

■ The final claim of appellant of the failure adequately to warn him of his rights at the police facility again is dependent wholly upon whose testimony is to be believed. Both the magistrate and the district court specifically reviewed the testimony and concluded that the testimony of the police as to what happened at the detention facility was to be credited. Testimony showed that the appellant has a high school degree, had attended college in the United States and is proficient in English, and had lived in the United States for ten years. His claim is that the inculpatory statement was the fruit of an illegal arrest. But it has already been concluded that the arrest was not illegal. If there was any doubt about the original stop, the consent to be searched removed it. The confession was not given at the scene of the stop but only a substantial period of time later after full Miranda warnings had been given. Indeed, his defense at that time was that he had no idea how the cocaine had gotten into the luggage and that he and the driver had consented to the search because they had nothing to hide.

■ Finally, appellant asserts that the Speedy Trial Act has been violated in bringing him to trial 176 calendar days after indictment. By careful calculation, the district court found that of those days 141

were excludable because of motions to suppress by the defense, time spent in awaiting transcript of the hearing on the motions to suppress, and the time involved in the consideration of the magistrate's report. The court concluded that only 34 days of the 70 day period were days which would count toward the running of the 70 day speedy trial period. We find no error in this calculation.

The verdict of the jury and the judgment of the district court is

AFFIRMED.