### 76677. PUPO v. THE STATE.
### 76678. DONABY v. THE STATE.
(371 SE2d 219)

BANKE, Presiding Judge.

The appellants, Pupo and Donaby, were stopped by a Georgia State Patrol officer while proceeding northbound on I-75 in a vehicle registered in Donaby's name but being driven by Pupo. The trooper testified that he stopped the vehicle because he observed it "weaving" across its lane of traffic and into the emergency lane. He further testified that, upon being informed of the reason for the stop, Pupo acknowledged that he had been driving for a considerable length of time and was very tired. The trooper administered a breath test to Pupo, with negative results, and then asked for and obtained his signed consent to a search of the vehicle.

The ensuing search led to the discovery of small quantities of marijuana and cocaine inside the vehicle's trunk. The appellants were arrested on the basis of this discovery, and during a more thorough search of the vehicle which was later conducted at the jail, an additional pound of cocaine was discovered inside the heater cannister of the vehicle's engine compartment. On appeal from their convictions of trafficking in cocaine, the appellants contend that the original search was conducted in violation of their Fourth Amendment rights and that the trial court consequently erred in refusing to suppress the contraband as evidence.

1. Citing *United States v. Smith*, 799 F2d 704 (11th Cir. 1986), the appellants argue that the initial stop of the vehicle was unlawful because the asserted "weaving" of the vehicle was used as a mere pretext to conduct an investigation for drugs. In *Smith*, as in the present case, the arresting officer testified that he had observed the defendants' vehicle "weaving" prior to stopping it; however, the trooper there conceded that he had not stopped the vehicle on the basis of this observation but "had determined to make an 'investigative stop' of the vehicle from the moment he began pursuit in reliance on the drug courier profile." Id. at 706. Furthermore, the trial court in *Smith*

determined, on the basis of the evidence presented at the suppression hearing, that no traffic violation whatever had in fact occurred. Concurring in this assessment, and further concluding that none of the observed "drug courier profile" characteristics had been sufficient to give rise to an articulable suspicion of criminal wrongdoing, the Federal Court of Appeals accordingly held that the stop had violated the defendants' Fourth Amendment rights.

The case before us is clearly distinguishable from *Smith* in that the trial court in the present case determined, on the basis of the evidence presented at the suppression hearing, that the observed "weaving" of the appellants' vehicle had in fact served as the actual reason for the stop, the immediate purpose of which had been to investigate a possible DUI violation rather than to effect a search for drugs. Moreover, although it was shown that the trooper had participated in a program known as "operation Pipeline," the goal of which was to increase the interception of drug trafficking on the interstate highways, and that he had been accompanied at the time of the stop by a GBI agent, there was no indication that his decision to stop the appellants' vehicle had been influenced, much less dictated, by a "drug courier profile." Consequently, the trial court's factual determination that the trooper's initial detention of the vehicle had constituted a bona fide traffic stop is supported by the evidence and must be sustained on appeal. See generally *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459) (1974).

2. The appellants contend that, even assuming that the initial detention of the vehicle was valid, the trooper was without probable cause to conduct a search. We agree. However, the search was not predicated on probable cause but on appellant Pupo's consent. Having already effected a valid stop of the vehicle, the trooper certainly did not violate the appellants' Fourth Amendment rights merely by requesting such consent. Accord *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1972).

3. The appellants contend that the trooper's conduct in obtaining Pupo's consent must be considered coercive pursuant to this court's decision in *Radowick v. State*, 145 Ga. App. 231 (244 SE2d 346) (1978). We disagree. In *Radowick*, it was shown that the police had held the defendants for "an inordinate period of time" prior to obtaining their consent and had informed them that a search warrant "would" be obtained in the event they did not consent. Id. at 242. No such circumstances were shown in the present case.

4. The appellants contend that Pupo's consent cannot be considered knowing and voluntary because he was without sufficient knowledge of the English language to read and understand the written consent form which he was called upon to sign and because the trooper misrepresented the scope of the proposed search by stating that he

intended to look for weapons rather than drugs. With regard to the former contention, the trooper verbally communicated to Pupo in no uncertain terms his desire to search the vehicle, and there was no suggestion that Pupo had any problem with spoken English. Also, the trooper testified that after being given an opportunity to read the form and being asked whether he understood it, Pupo responded in the affirmative, without revealing any language difficulties. Under the circumstances, the trial court was authorized to conclude that Pupo was fully aware of what he was being asked to consent to. Accord *Jothier v. State*,177 Ga. App. 655 (340 SE2d 624) (1986). With respect to the contention that the trooper misrepresented the scope of the search by stating that he was looking for weapons rather than drugs, we do not understand how such a statement on the part of the trooper could affect the validity of Pupo's consent, the area to be searched being identical in either event.

5. The appellants further contend that Pupo was not authorized to consent to a search of the vehicle because he did not own it. Initially, we observe that Pupo himself is in no position to raise such an objection, for to the extent that he was without authority to consent to the search he clearly lacks standing to complain that the search violated his Fourth Amendment rights. Insofar as appellant Donaby is concerned, we hold that Pupo's status as driver of the vehicle afforded him sufficient authority over it to enable him to consent to the search, particularly in the absence of any objection by Donaby. "[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected. . . ." *United States v. Matlock*, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242, 249-250) (1974). Accord *Walker v. State*, 179 Ga. App. 782 (347 SE2d 711) (1986); *Wilson v. State*, 179 Ga. App. 780 (347 SE2d 709) (1986).

6. Based on the foregoing, we hold that the trial court did not err in refusing to suppress as evidence the contraband seized from the vehicle, with the result that the evidence was sufficient to enable a rational trier of fact to find the appellants guilty of trafficking in cocaine beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

7. Appellant Pupo has raised certain additional enumerations of error without providing any argument or citation of authority in support thereof. These enumerations of error are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

8. Appellant Donaby has filed a supplemental enumeration of error and brief challenging the correctness of one of the court's jury

charges. We also decline to consider this enumeration of error, based on the rule that enumerations of error may not be supplemented after the time for filing has expired. See *Waters v. State,* 174 Ga. App. 916, 919 (6) (331 SE2d 893) (1985).

*Judgments affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JUNE 22, 1988 —
REHEARING DENIED JULY 8, 1988.

*Theron M. Moore,* for appellant (case no. 76677).
*R. Robider Markwalter,* for appellant (case no. 76678).
*G. Theron Finlayson, District Attorney, George R. Christian, Assistant District Attorney,* for appellee.