IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           :
                            :    ID No. 1606012271
                            :    In and for Kent County
      v.                    :
                            :
DEREK HOPKINS,          :
                            :
      Defendant.      :
                            :

Submitted: November 4, 2016
Decided: November 23, 2016

## **ORDER**

On this 23rd day of November 2016, having considered Defendant Derek Hopkins' (hereinafter "Hopkins'") Motions to Suppress, and the State's response, it appears that:

1. On June 15, 2016, members of the Governor's Task Force arrested Hopkins for Aggravated Possession of Heroin (Tier 5), Drug Dealing, Possession of a Controlled Substance, Possession of Drug Paraphernalia, and Illegal Operation of an Off Highway Vehicle. On that day, the Governor's Task Force seized a significant amount of heroin from inside a backpack on Hopkins' person after a traffic stop. Hopkins moves to suppress drug evidence seized from his person and backpack . The State submits that Hopkins consented to the search of his person, and based on the results of that search, had probable cause to arrest Hopkins. The State accordingly

submits that the search of Hopkins backpack containing the large amount of heroin was lawful pursuant to a search incident to an arrest.

2. At the suppression hearing, the State's sole witness was Detective Ballinger from the Delaware State Police. Detective Ballinger testified that during proactive enforcement in a high drug area, he observed Hopkins driving his dirt bike illegally on the road. He radioed to Corporal Schrader and Probation and Parole Officer Angelo who then stopped Hopkins down the roadway. Detective Ballinger, however, was not present at the stop. He drove to the scene of the stop, but by that point, the initial contact was underway. Detective Ballinger testified that Officer Angelo advised him that Hopkins gave consent for a pat down. Furthermore, Detective Ballinger testified that Officer Angelo told him that during the pat down, he felt a bag and money in Hopkins' left pocket. Detective Ballinger also testified that Officer Angelo asked Hopkins to remove the items from his pocket, Hopkins consented, and produced marijuana. At that point, Hopkins was placed under arrest.

3. Most germanely, Detective Ballinger testified that when he arrived at the location of the stop a very short time after its inception, both the pat down and the further consent search of Hopkins' pockets were complete. While two other officers were present during the consent, the State offered the testimony of neither. Detective Ballinger testified based on personal observation that he detected an odor of marijuana

2

emanating from Hopkins and testified that the only items seized after the consent search were marijuana and money.

4. Hopkins does not dispute that based upon the radio contact between Detective Ballinger and the other two officers, there was reasonable articulable suspicion to stop Hopkins' off road vehicle for a traffic violation. The next step in the analysis goes to the lawfulness of the pat down. Here, the State does not argue that there was reasonable articulable suspicion that Hopkins was armed and dangerous as is required to justify a pat down. Rather, the State argues that Hopkins consented to that level of search and then consented to empty his pockets. The State also argues that at that point, after finding marijuana, the officers were justified in searching Hopkins' backpack as a search incident to a lawful arrest. In response, Hopkins argues that prior to the pat down, the evidence available to the seizing officers was limited to a traffic violation and extending it beyond the time necessary to issue a traffic citation was not justified.

5. In a motion to suppress based on a warrantless search and seizure, the burden is on the State to justify that the search and seizure complies with the rights guaranteed by the United States Constitution, the Delaware Constitution, and Delaware statutory

3

law.[1]  Warrantless searches may be justified by valid consent.[2]   At a suppression hearing, the trial judge sits as the trier of fact and determines witness credibility.[3]  To be valid, a consent to search must be voluntary.  The State has the burden of proving, by a preponderance of the evidence, that defendant's consent was voluntary.[4]  For the Court to determine if consent was voluntary, it must

> examine the totality of the circumstances surrounding the consent, including (1)knowledge of the constitutional right to refuse consent; (2) age, intelligence, education, and language ability; (3) the degree to which the individual cooperates with police; and (4) the length of detention and nature of questioning, including the use of physical punishment or other coercive police behavior.[5]

The State's burden includes showing that the consent was "not the result of duress or coercion, express or implied."[6]

6.   Strict rules of evidence do not apply in a suppression motion.  However, the State's burden cannot be predicated entirely upon hearsay.  Namely, in the different but analogous context of probable cause, "[h]earsay information may form the basis of

---

[1] *Hunter v. State*, 783 A.2d 558, 560 (Del. 2001).

[2] *Ledda v. State*, 564 A.2d 1125, 1127 (Del. 1989).

[3] *Turner v. State*, 957 A.2d 565, 570-71 (Del. 2008).

[4] *Scott v. State*, 672 A.2d 550, 552 (Del. 1996).

[5] *Cooke v. State*, 977 A.2d 803, 855 (Del. 2009)(citations omitted).

[6] *Liu v. State*, 628 A2d 1376, 1382 (Del. 1993)(citation omitted).

4

probable cause **if sufficiently corroborated by other facts within the officer's direct knowledge.**[7] The Court "may not accept a police officer's conclusion that probable cause for arrest exists without opportunity to examine in detail the grounds upon the basis of which he reached that conclusion."[8] Since consent is also an exception to the warrant requirement, it likewise cannot be based solely on an officer's conclusory statement without corroborating detail.

7. Here, the State's sole argument for the pat down was the alleged consent of Hopkins. Neither officer involved in the initial contact with Hopkins testified at the hearing, however. The only State witness presenting evidence regarding Hopkins' consent was Detective Ballinger who was not on the scene at the time of the alleged oral consent and was merely relaying what was told him by Officer Angelo. Accordingly, under the circumstances of this case, the Court cannot find that the State met its burden to show that there was consent for this search based solely on the hearsay account of an officer that was not present to witness the consent.

8. Furthermore, even if pure conclusory hearsay were sufficient for the Court to find valid consent, the record is devoid of any evidence touching on the factors

---

[7]*State v. Holmes*, 2015 WL 5168374, at *8 (Del. Super. Sept. 3, 2015)(emphasis in original)(citations omitted)

[8] *Garner v. State*, 314 A.2d 908, 913 (Del. 1973).

necessary to evaluate the effectiveness or validity of the consent. Namely, Detective Ballinger merely testified that he was told that Hopkins consented. He did not testify regarding how he was asked to consent, the degree to which he initially cooperated with the police, or any other factor enabling the Court to determine whether Hopkins' will was overborne, and that it was not the product of duress or coercion, express or implied.

9. After the discovery of marijuana on Hopkins' person, Hopkins was placed under arrest. The State's sole proffered justification for the search of Hopkins' backpack was a search incident to arrest. A search incident to an arrest must either follow a valid arrest or be "nearly contemporaneous" to the arrest. [9] The police may not use the results of the search to establish probable cause for the arrest.[10] Here, the proffered reason for the arrest was the marijuana seized from Hopkins' pocket as a result of the illegal search.[11] Consequently, since the arrest was the product of an illegal search and therefore invalid, this warrant exception does not justify the backpack

---

[9] *Coley v. State*, 886 A.2d 1277, 2005 WL 2679329, at *1 (Del. Oct. 18, 2015)(Table).

[10] *Id.*

[11] The State acknowledged at oral argument that the quantity of marijuana seized was at a quantity engendering only a civil violation. Since this case turns on alleged consent, the Court does not address whether seizing marijuana at the level engendering a civil violation justifies an arrest which in turn could justify a search incident to an arrest. Likewise, Detective Ballinger's testimony that he smelled marijuana emanating from Hopkins does not provide credible evidence regarding the perceptions of the officers conducting the initial searches.

6

search.

10. On balance, the State's proffered reason for the pat down and search of Hopkins' person relied only upon his alleged consent. The searches, post-consent, were underway prior to the arrival at the scene of the only State witness. Accordingly, the State did not meet its burden of establishing by a preponderance of the evidence that Hopkins consented to the pat down or subsequent search.

WHEREFORE, Defendant Derek Hopkins' Motion to Suppress is GRANTED.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge