74927. BIGBY v. THE STATE.
74928. LUNDY v. THE STATE.
(360 SE2d 751)

DEEN, Presiding Judge.

On August 20, 1985, a trailer loaded with 115 bales of scrap aluminum was removed from the property of General Extrusion, Inc., in Union City and was later discovered in a wooded area in DeKalb County, attached to a tractor bearing the name "Tiffany Trucking." The tractor belonged to Freddie Henderson Lundy, who claims he had answered a call for help from a cab with mechanical difficulties on the expressway in DeKalb County. When the police arrived, it was being unloaded by Lundy and Ralph Bigby. The men were indicted in Fulton County on two counts of theft by taking. Lundy was found guilty on both counts and Bigby on count two. The jury was unable to reach a verdict as to count one (theft of the Matlock trailer) against Bigby, and a mistrial was declared as to that count.

1. Appellants contend that count two of the theft by taking charge should have been dropped because both counts arose out of the same transaction. They rely upon the holding in *Hubbard v. State*, 168 Ga. App. 778 (310 SE2d 556) (1983). We find that *Hubbard* holds that there can only be one sentence and conviction if several items are stolen as part of a continuous criminal act. Bigby was convicted only on count two and cannot be retried on count one, which resulted in a mistrial. Lundy can be convicted and sentenced on only count one, and his conviction on count two must be set aside.

2. The evidence was sufficient to support appellants' convictions of theft by taking. " 'To convict a defendant based upon recent possession of stolen goods, it must be shown the goods were stolen and there must be an absence of or an unsatisfactory explanation of that possession. [Cit.] The proof of these facts beyond a reasonable doubt

creates a presumption or permissible inference of the defendant's guilt, that is that the defendant himself committed the crime charged and proven.' [Cit.]" *Henderson v. State*, 162 Ga. App. 345, 346 (291 SE2d 422) (1982).

The evidence in the instant case satisfied the standard of proof set forth above. Lundy testified as to how he came into possession of the trailer and claims that he drove it to his mother's house to repair the broken back door. He claims he picked up Bigby en route to assist him. When they were moving the scrap aluminum to repair the door, the police arrived. An employee from the Bonnell Company testified that he had seen the trailer earlier in the day and that there was no damage to the rear doors. " ' "It was within the jury's province to believe that appellant's explanation of his possession advanced at trial was not a reasonable or satisfactory one." ' " *Barr v. State*, 166 Ga. App. 7 (303 SE2d 132) (1983).

3. Under OCGA § 17-2-2 (h) venue can be established "in any county in which the evidence shows beyond a reasonable doubt that [the crime] might have been committed." Where venue is not contested at trial, only slight proof is needed. *Amerson v. State*, 177 Ga. App. 97, 99 (338 SE2d 528) (1985). OCGA § 16-8-11 provides that the crime of theft by taking "shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." The evidence showed that the trailer containing the scrap aluminum was stolen from General Extrusion's place of business in Union City, which is located in Fulton County.

4. Appellants contend that there was a fatal variance in the indictment between the allegata and probata in that the indictment alleged that they took "115 bales of aluminum all of a value exceeding $500," and that the prosecution was required to prove the number of bales alleged because they were a material part of the indictment. We find that a witness testified that there were 115 bales of aluminum on the trailer when it was stolen. Even if other evidence showed that there were only 86-95 bales, "[t]his variance was of the *de minimus* variety and could not have harmed the defendant in any way. The indictment fully and definitely informed the defendant of the charge against him and did not leave him open to a subsequent prosecution due to any defect or ambiguity therein." *Bowman v. State*, 144 Ga. App. 681, 682 (242 SE2d 480) (1978).

5. The ownership of the stolen trailer was sufficiently proven, and appellants' contention that because the certificate of title for it was not the correct title certificate ownership was not proven is without merit. The indictment alleged that a 1986 Matlock trailer of a value exceeding $500 and the property of William L. Bonnell Company was taken. A company employee testified that a 1986 Matlock

trailer was taken and that its value was $5,000. " 'It is well established that those who steal will not be permitted to raise "nice and delicate questions" as to the title of that which is stolen.' *Ingram v. State*, 137 Ga. App. 412, 415 (3b) (224 SE2d 527) (1976)." *McIlhenny v. State*, 172 Ga. App. 419, 420 (323 SE2d 280) (1984).

6. Appellant claims that the rule of sequestration was violated because a witness for the state was permitted to remain in the courtroom after being excused at the conclusion of his testimony; that the court erred in allowing the witness to be recalled for rebuttal testimony; and that the witness should have been resworn.

Violation of the rule of sequestration goes to the credibility of a witness, not to his competency to testify. *Jordan v. State*, 247 Ga. 328 (276 SE2d 224) (1981); *Hicks v. State*, 256 Ga. 715, 719 (352 SE2d 762) (1987). The trial court pointed out that defense counsel asked that the witness be excused and that if he had not made such a request, the court would have required him to wait in the hallway outside the courtroom. The court also stated that it would have required the witness to be sequestered if the state indicated that it intended to recall him, but that once the witness was excused he could do as he pleased, the same as any other member of the general public. We find no error in permitting the state to recall the unsequestered witness for rebuttal. When the witness was recalled, he was reminded that he was still under oath. As appellant made no objection to his testimony without being resworn, the issue has not been preserved for appellate review. *Morris v. State*, 179 Ga. App. 228 (345 SE2d 686) (1986).

7. Appellant Bigby contends that the trial court was deprived of venue as to count two when the court declared a mistrial as to count one. We disagree. As stated in Division 3, above, he was found in recent possession of stolen property for which he gave an unsatisfactory explanation, and there was some evidence that the theft occurred in Fulton County.

*Judgment in Case No. 74927 is affirmed. Judgment in Case No. 74928 is affirmed in part and reversed in part. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*Mobley F. Childs, Peggy M. Childs*, for appellants.
*Lewis R. Slaton, District Attorney, D. Chris Jensen, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.