## 44682. SMITH v. THE STATE.
(359 SE2d 662)

BELL, Justice.

Appellant, Carey Smith, was convicted of murder and sentenced to life.[1] He appeals, and we affirm.

Smith and the victim were intoxicated and had been fighting in

---

[1] The murder occurred on April 13, 1986. Smith was indicted on July 16, 1986, and was convicted and sentenced on October 10, 1986. Smith's motion for new trial was filed on November 7, 1986. The transcript was certified by the court reporter on December 16, 1986. The motion for new trial was denied on April 2, 1987. The notice of appeal was filed on April 30, 1987, and the case was docketed on May 15, 1987. The case was orally argued on July 7, 1987.

the backyard of the house where Smith lived with six other people. During the fight Smith suffered a cut on his head. He also asked bystanders if they wanted to see someone die. Following the fight, the men entered the front of the house. Smith sat in the kitchen while the victim went into the breakfast room. All but one of the other people present went to the back of the house to look for medicine to treat the cut on Smith's head, leaving Smith and the victim in the front of the house with John Banks. When the other people returned, Smith was in the breakfast room and Kevin Dean, the owner of the house, discovered that the victim had been fatally stabbed.

The appellant contends that the state presented only circumstantial evidence, and that it failed to meet the burden of excluding every reasonable hypothesis except that of guilt pursuant to OCGA § 24-4-6. Appellant contends that there is a reasonable hypothesis that Banks committed the murder. We disagree.

There is no evidence that there was an altercation between Banks and the victim. Moreover, the evidence shows that Smith had fought with the victim immediately before the stabbing, and had asked bystanders to the fight if they wanted to see someone die. Circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *White v. State*, 253 Ga. 106 (1) (317 SE2d 196) (1984); *Robinson v. State*, 168 Ga. App. 569 (1) (309 SE2d 845) (1983). Viewing the evidence of the instant case in a light most favorable to the verdict, we conclude that the jury could have found that it excluded every reasonable hypothesis except that of the defendant's guilt, OCGA § 24-4-6; *Nicholson v. State*, 249 Ga. 775 (1) (294 SE2d 485) (1982), and that the jury could have found Smith guilty of the crime of murder beyond a reasonable doubt, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Jerry Boykin,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.