## 75321. CASTRO v. THE STATE.
### (367 SE2d 42)

BEASLEY, Judge.

Defendant appeals his conviction of trafficking in cocaine. OCGA § 16-13-31.

1. Defendant asserts he did not consent to the search of his automobile in the trunk of which the contraband was found. He makes this contention on two grounds. The first is that the State did not prove that the translation of the trooper's request was accurate, that defendant understood it, or that the translation of defendant's response was accurate. Defendant spoke only a little English, his native tongue being Spanish. The trooper who requested consent spoke to defendant in English at first and received replies in English, though halting, and subsequently obtained defendant's purported affirmative response through the translation of his co-defendant. The second is that even if it is found that defendant understood and "consented," it was an invalid consent because he was not advised that he had a right to refuse consent.

Defendant's argument, that whether there was an accurate translation and whether he actually consented were not established, might be viable nothing else appearing. But during the trial defendant on cross-examination admitted that he freely and voluntarily consented to the officers' search of his automobile, explaining he had no knowl-

edge that cocaine was concealed in the trunk. Defendant's open court admission would render harmless any error in failing to grant the motion to suppress on the basis of failure to show a voluntary consent. *Boling v. State*, 244 Ga. 825, 828 (7) (262 SE2d 123) (1979); *Hall v. State*, 243 Ga. 207 (1) (253 SE2d 160) (1979); *Taylor v. State*, 134 Ga. App. 79 (1) (213 SE2d 137) (1975); *Watson v. State*, 132 Ga. App. 204, 205 (1) (207 SE2d 685) (1974).

The second basis is governed by *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973). A consent is not necessarily rendered invalid if the person is not advised that he has a right to refuse. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975), and *Noland v. State*, 178 Ga. App. 486, 488 (2) (343 SE2d 763) (1986).

2. Defendant urges as error the failure to grant his motion for mistrial predicated on the fact that the trooper, who was the state's principal witness, ate supper with one of the jurors and two other people during a recess in the jury's deliberation. The court had neglected to instruct the jurors not to talk to any of the witnesses at all about anything, before sending them off to eat wherever each chose. At a hearing outside the jury's presence, the trooper testified that he was waiting in line at a local restaurant when the foreman of the jury stated "Sheriff Bowman was on the way" and asked the trooper to join them. On cross-examination, the trooper denied there was any discussion of the case or as to a juror's duties other than the juror stating as they were parting that "when it was all over he would like to see me."

Defendant moved for a mistrial and refused any cautionary instructions except general ones relating to the jury's duty to consider only evidence introduced in the case, for fear of exacerbating the problem or antagonizing the juror or jury. After the jury was so instructed, the defendant renewed the motion for mistrial but it was denied.

"There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986), citing *Martin v. State*, 242 Ga. 699, 701 (251 SE2d 240) (1978). Here as in *Lamons* the contact was with the chief prosecuting witness. That witness was the only one questioned, as the juror was not called to explain the incident. Thus, the prosecution failed to carry its burden of showing the absence of harm beyond a reasonable doubt. There was at the least an unrebutted inference that the incident created out of court a favorable impression on the juror with respect to the trooper, which impression would affect the juror's judgment of credibility as well as introduce a desired outcome. It cannot be said

that the juror was not influenced by the contact. Cf. *Smith v. State*, 173 Ga. App. 889 (328 SE2d 553) (1985), cert. vacated 254 Ga. 536 (333 SE2d 371) (1985).

The refusal to grant a mistrial was error.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1988 —
REHEARING DENIED MARCH 8, 1988 —

*Randall M. Clark*, for appellant.

*David L. Lomenick, Jr., District Attorney, David J. Dunn, Assistant District Attorney*, for appellee.