### 45700. BRISARD v. THE STATE.
(369 SE2d 899)

CLARKE, Presiding Justice.

Gregory Brisard appeals from his conviction of malice murder for which the court imposed a life sentence. He also was found guilty of possession of a knife during the commission of a crime and sentenced to five years consecutive to life.[1] He argues that the evidence was insufficient to support his conviction of malice murder in the death of Joseph Givens.

On Christmas Eve 1986, the defendant went to the house where the victim was living to visit the victim's girl friend. An argument ensued between the defendant and victim. The defendant left after challenging the victim to a fight. Shortly thereafter, the defendant returned to the house, broke out a bedroom window and left again after threatening the victim.

Later the victim left the house to make a phone call at a nearby pay phone. He was unarmed when the defendant met him again. After another confrontation, the victim was pushed through a restaurant's plate glass window. The defendant testified to stabbing the victim once in the left arm to fend him off. According to the defendant, he left the victim standing in front of the broken window.

The victim was found dead 60 to 65 feet away from the broken window on a railroad track. Blood trailed from the broken window to where the body was found. The cause of death was a stab wound to the heart, but he had eight other wounds. No glass was found in the wounds or under the victim's clothing. The stab wound to the victim's heart was consistent with having been caused by the defendant's

---

[1] The murder was committed on December 25, 1986. The Chatham County jury returned its verdict of guilty on September 23, 1987. The motion for new trial was filed October 9, 1987. The court reporter certified the transcript on December 14, 1987, and the motion for new trial was denied on February 29, 1988. The notice of appeal was filed on March 21, 1988, and submitted on briefs May 27, 1988.

knife. The defendant's shoes evidenced blood consistent with that of the victim.

We have studied the record and conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

DECIDED JULY 6, 1988 —
RECONSIDERATION DENIED SEPTEMBER 15, 1988.

*Charles C. Grile,* for appellant.
*Spencer Lawton, Jr.,* District Attorney, *Michael J. Bowers,* Attorney General, *Dennis R. Dunn,* Assistant Attorney General, for appellee.