A91A0521. BUCHANNON v. THE STATE.
(405 SE2d 583)

ANDREWS, Judge.

Buchannon appeals his conviction of motor vehicle theft. His sole enumeration of error is that the evidence at trial was insufficient to convict him.

Viewed in favor of the verdict, *Gurlaskie v. State*, 196 Ga. App. 794 (397 SE2d 66) (1990), the evidence at trial established that on April 25, 1989, a Cadillac with a Georgia license plate was reported stolen from Albany used car dealer Buddie Craft. Two days later a Florida sheriff stopped the same vehicle for a speeding violation in

Osceola County, Florida. When stopped, Albany resident Buchannon was driving the vehicle and Georgian co-defendant Wright and Floridian James Hopper were passengers. When stopped, both Buchannon and Wright gave false names to the officer.

While running the routine police check on the vehicle, the officer learned that it had been reported stolen in Albany on April 25 and that the Florida license plate on the vehicle had been reported stolen in Tallahassee on the same date. Upon learning that both the vehicle and the tag were stolen, the officer arrested Buchannon and Wright. After his arrest, Buchannon told the deputy sheriff that Wright worked at the car lot and had permission from his boss to borrow the car for the weekend.

Buchannon argues that since the evidence against him was "inferential," it was insufficient to convict him. This argument ignores the longstanding rule that " '[t]he possession of recently stolen goods, unaccounted for, raises an inference that the possessor is the one who stole the goods, and if the accused does not want this inference to arise in his case, he must account for his possession.' " *Horton v. State*, 228 Ga. 690, 692 (187 SE2d 677) (1972). " ' "To convict a defendant based upon recent possession of stolen goods, it must be shown the goods were stolen and there must be an absence of or an unsatisfactory explanation of that possession." ' (Cit.)" *Bigby v. State*, 184 Ga. App. 94, 95 (360 SE2d 751) (1987). A defendant may be convicted for theft with neither direct proof nor circumstantial evidence, aside from this inference, that he committed the theft. *Rautenberg v. State*, 178 Ga. App. 165 (342 SE2d 355) (1986); *Lockett v. State*, 153 Ga. App. 569 (266 SE2d 236) (1980).

In the instant case, both Buchannon and Wright testified at trial that they were unaware the vehicle was stolen and did not know anything about the stolen Florida license plate. Buchannon's relatives testified that he was at home the entire evening of April 24, the date that the vehicle was stolen from the used car lot. The defendants explained that on the evening of April 25, Wright paid one of Craft's employees $20 for the use of the car, picked Buchannon up and together the men drove to Florida to visit Buchannon's relatives. This testimony was corroborated by an independent witness who testified that he had witnessed the rental transaction between Wright and Craft's employee. Buchannon claimed that the reason he lied to the officer about his name when he was stopped was that he was concerned about violating the terms of his parole.

Although Buchannon offered an explanation for his possession of the vehicle, the jury was not compelled to accept it. After an explanation of possession of stolen goods is offered, the jury may choose whether or not to believe it. The reasonableness of the explanation is a jury question. *Warfle v. State*, 157 Ga. App. 196 (276 SE2d 689)

(1981). "' " " 'It [is] within the jury's province to believe that appellant's explanation of his possession advanced at trial was not a reasonable or satisfactory one.' " ' [Cit.]" *Bigby*, supra at 95.

Here, Buchannon's recent possession of the stolen vehicle was not the only evidence that he took the vehicle. The fact that the license tag on the vehicle was stolen and that both Buchannon and Wright gave false names when stopped were further evidence of guilt. *Rogers v. State*, 185 Ga. App. 211, 213 (363 SE2d 846) (1987). Buchannon's fictitious tale to the arresting officer regarding the possession of the vehicle is further affirmative supporting evidence of guilt. *Faust v. State*, 189 Ga. App. 426, 427 (375 SE2d 889) (1988). This is not a case of unexplained possession, but of explained possession where the explanation is not believed.

There was sufficient evidence for a rational trier of fact to have found the essential elements of theft by taking beyond a reasonable doubt. See *Koza v. State*, 158 Ga. App. 709 (282 SE2d 131) (1981).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 29, 1991.

*Betty S. Frazer*, for appellant.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.