## A92A0020. SHARP v. THE STATE.
### (416 SE2d 901)

JOHNSON, Judge.

Sarita Murphy Sharp (Sharp) appeals from her conviction for theft by receiving stolen property and the denial of her motion for a new trial.

Sharp and her husband worked for a construction company at an apartment complex from approximately May through December 1988. A refrigerator was shipped to the construction company sometime in December 1988 and, thereafter, was stolen from the apartment complex. On March 19, 1989, the police executed a search warrant and found the refrigerator in the house where Sharp lived with her husband. An officer testified that Sharp said she and her husband had bought it from a flea market approximately a year ago. Sharp denied making such a statement. She testified that the refrigerator belonged to her brother and she did not know it was stolen. Sharp's husband admitted that he and Sharp's brother stole the refrigerator from the apartment complex and that Sharp did not know it was stolen. Sharp's brother testified that Sharp and her husband stole the refrigerator.

1. Sharp's first enumeration of error is that the evidence pro-

duced at trial was insufficient to support the guilty verdict and her second enumeration is that the trial court erred in denying her motion for a directed verdict of acquittal. In her brief, Sharp argues enumerations one and two together; we will address them in the same manner.

Both of these enumerations of error are predicated on Sharp's contention that there was no evidence introduced to show that she knew or should have known the refrigerator was stolen. We must review this contention under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). A review of the record in the light most favorable to the prosecution convinces us that a rational trier of fact could readily have found proof of all the essential elements of theft by receiving stolen property beyond a reasonable doubt. Accordingly, enumerations one and two are without merit.

2. Sharp also argues that the trial court erred in allowing the State to reopen its case after it rested and after Sharp moved for a directed verdict of acquittal. "It is always within the sole discretion of the trial court to permit either the State or the defense in criminal cases to reopen the case after the close of the evidence. [Cits.]" *Morris v. State*, 170 Ga. App. 849, 850 (2) (318 SE2d 517) (1984). See *McFarland v. State*, 137 Ga. App. 354, 357 (223 SE2d 739) (1976). Here, the trial court did not abuse its discretion and did not err in reopening the evidence.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MARCH 19, 1992.

*Michael M. White*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.