A93A0920. BROWN v. THE STATE.
(435 SE2d 274)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of robbery by intimidation. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first and third enumerations, defendant challenges the sufficiency of the evidence.

Ashwin Patel testified that defendant approached the check-out counter of a convenience store where he was working and presented merchandise (a "Coke") and a $5 bill. Patel testified that he opened the cash drawer to make change; that he noticed defendant's hand under his sweater and that he heard defendant say, " 'Just leave [it] open,' and . . . , 'Give me money.' " Patel testified that he "lay some money on the counter" and that defendant said, " 'I need some more money.' " Patel explained that he then gave defendant about $180 in cash and that defendant took the money and fled. Linda Wallace, another employee of the convenience store, testified that defendant approached Patel at the cash register with "one hand underneath his sweater . . ." and instructed Patel, " 'Give me all your large bills and lay 'em on the counter.' " This evidence is sufficient to authorize the jury's finding defendant guilty, beyond a reasonable doubt, of robbery by intimidation. OCGA § 16-8-40 (a) (2); *Jackson v. Virginia*, 443

U. S. 307 (99 SC 2781, 61 LE2d 560); *Johnson v. State*, 195 Ga. App. 56, 57 (1) (b) (392 SE2d 280). The trial court did not err in denying defendant's motion for directed verdict of acquittal.

2. In his second enumeration, defendant contends the trial court erred in allowing the State to reopen its case and present evidence that Patel and Wallace identified defendant as the robber in photographic line-ups.

"Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown. *Mobley v. State*, 221 Ga. 716 (146 SE2d 735) (1966); *Britten v. State*, 221 Ga. 97 (4) (143 SE2d 176) (1965); *Miller v. State*, 226 Ga. 730 (177 SE2d 253) (1970)." *Hurt v. State*, 239 Ga. 665, 672 (8) (238 SE2d 542). In the case sub judice, we find no such abuse of discretion. Accordingly, the trial court did not err in allowing the State to reopen its case.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 19, 1993.

*Laurens C. Lee*, for appellant.
*Willis B. Sparks III, District Attorney, Wayne G. Tillis, Assistant District Attorney*, for appellee.