S93A1862. BALDWIN v. THE STATE.
(435 SE2d 926)

CARLEY, Justice.

Appellant was indicted for malice murder. He was brought to trial before a jury and the trial court instructed on voluntary manslaughter as a lesser included offense. The jury, however, found appellant guilty of malice murder. He appeals from the judgment of conviction and life sentence entered by the trial court on the jury's guilty verdict.[1]

1. Appellant made an in-custody statement. At trial, a *Jackson-Denno* hearing was held to determine the admissibility of appellant's statement. Only the officer to whom appellant had given the statement testified at the hearing. After the officer testified, the trial court found that the statement was admissible into evidence. Appellant enumerates this evidentiary ruling as error.

---

[1] The crime occurred on January 17, 1992. Appellant was indicted on February 19, 1992. The guilty verdict was returned on September 17, 1992. Appellant's motion for new trial was denied on July 14, 1993 and his notice of appeal was filed on August 12, 1993. The case was docketed in this court on August 26, 1993 and was submitted for decision on October 8, 1993.

" ' "Factual and credibility determinations made by a trial judge after a suppression hearing are accepted by appellate courts unless clearly erroneous. [Cit.]" [Cit.]' " *Cox v. State,* 248 Ga. 713 (1) (285 SE2d 687) (1982). Since only the officer testified at the hearing, the undisputed evidence authorized the trial court to find the following: The statement was given only after appellant had been apprised of his *Miranda* rights and had signed a waiver form. No threats had been made or promises given in exchange for appellant's statement. Appellant was 20 or 21 years of age and stated that he had completed the eleventh grade. Appellant was aware that he was being questioned in connection with a possible murder charge. The interview was conducted by only the one officer, who was not armed. The interview lasted only 30 minutes and no coercive interrogation tactics were employed.

> [T]he trial court "must consider the totality of the circumstances" and must determine the admissibility of the statement under the "preponderance of the evidence" standard. Unless the factual and credibility findings of the trial court are "clearly erroneous," the trial court's decision on admissibility will be upheld on appeal. [Cit.]

*Fowler v. State,* 246 Ga. 256, 258 (3) (271 SE2d 168) (1980). Here, the trial court was clearly authorized to find that, under the preponderance of the undisputed evidence, appellant's statement had been freely and voluntarily given and was, therefore, admissible into evidence for the jury's consideration.

2. Appellant enumerates the general grounds, urging that the evidence would have authorized a finding of his guilt for voluntary manslaughter, but not for malice murder.

The existence of sufficient evidence to authorize appellant's conviction for voluntary manslaughter is material only to the trial court's determination to charge the jury on that offense. The jury obviously did not believe such evidence and convicted appellant of the greater offense of malice murder. Accordingly, we need to determine only whether there was sufficient evidence to authorize appellant's conviction for malice murder.

> This court does not weigh the evidence on appeal or resolve conflicts in trial testimony. Rather it is the function of this court to examine the evidence in the light most favorable to the verdict and to determine whether any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. [Cit.]

*Booker v. State,* 257 Ga. 37, 38 (1) (354 SE2d 425) (1987).

The evidence in the instant case would authorize a finding that, after engaging in a verbal and physical altercation with the victim, appellant pulled a gun and shot the victim as he was attempting to flee. Thus,

[i]n this case, the jury could imply malice from the use of a deadly weapon and from evidence which showed that [appellant] and the victim were scuffling and that [appellant] pulled his [gun] and escalated the fight.

*Dixon v. State*, 243 Ga. 46, 47 (1) (252 SE2d 431) (1979). Appellant

related a factual situation of threats and menaces and a shooting under circumstances which would have authorized the jury to believe that [he] was acting under the fears of a reasonable man when he shot the deceased. However, such a finding was not demanded, and under the evidence adduced by the State relating to events which occurred [immediately prior to] the homicide, the verdict was authorized by the evidence.

*Moore v. State*, 228 Ga. 662, 664 (1) (187 SE2d 277) (1972).

It follows that the evidence was sufficient to authorize a rational trier of fact to find proof of appellant's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Brisard v. State*, 258 Ga. 502 (369 SE2d 899) (1988); *West v. State*, 251 Ga. 458 (1) (306 SE2d 909) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 1993.

*Joe H. Thalgott,* for appellant.

*Ralph M. Walke, District Attorney, Michael J. Bowers, Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.