A94A1242. McKINLEY v. THE STATE.
(445 SE2d 828)

JOHNSON, Judge.

Derek McKinley appeals from his conviction of possession of cocaine with intent to distribute.[1] McKinley contends that the trial court erred in denying his motion to suppress evidence of the cocaine because the police seized it after unlawfully stopping him without reasonable suspicion.

Police investigators Joseph Autrey and Billy Sullivan, who found the cocaine, testified at the motion to suppress hearing that they received an anonymous telephone tip that four black males in a white Chevrolet Lumina van with Hillsborough County, Florida, license plates were attempting to sell cocaine on Butler Street in Camilla, Georgia. The investigators drove to the Butler Street area in separate vehicles. Autrey saw the described van, which was occupied by two men, and radioed Sullivan. Autrey, who was in an unmarked police car, followed the van as it drove into a convenience store parking lot. The driver, Adrian Haywood, parked the van at the front of the store. As both Haywood and McKinley, the passenger, began to get out of the vehicle, Autrey parked his car beside the van and activated the blue lights on the dashboard. Autrey approached Haywood, showed him his badge and asked to see a driver's license and proof of insurance. Autrey told McKinley to get back in the van and close the door. Haywood produced his license and a rental agreement for the van, which did not list him either as the renter or as an additional driver. Sullivan arrived at the store as Autrey was holding the driver's license and rental agreement. Sullivan took the rental agreement and told McKinley to get out of the van. While Sullivan spoke with McKinley, Autrey asked Haywood if there were guns or drugs in the van. Hay-

---

[1] McKinley entered a conditional guilty plea to the charge, reserving the right to appeal from the trial court's denial of his motion to suppress. Because McKinley filed this appeal prior to the effective date of our decision in *Hooten v. State*, 212 Ga. App. 770 (1) (442 SE2d 836) (1994), which overruled the practice of allowing appeals from conditional guilty pleas such as this, we shall consider the merits of the appeal.

wood said there were no guns or drugs in the van and, upon Autrey's request, consented to a search of the van. The officers then searched the van and found cocaine in it.

The state claims that the officers' encounter with McKinley and Haywood was not a seizure, but was merely a police-citizen communication without coercion or detention that did not need to be supported by reasonable suspicion. See *State v. Jackson*, 201 Ga. App. 810, 813 (2) (412 SE2d 593) (1991). "A person has been seized within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. . . . In order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officer's requests or otherwise terminate the encounter." (Citations and punctuation omitted.) *Rogers v. State*, 206 Ga. App. 654, 657 (2) (426 SE2d 209) (1992). Here, a reasonable person in the position of McKinley and Haywood would have believed that he was not free to leave. Officer Autrey stopped his car next to the van, activated the car's blue lights and displayed his police identification to Haywood as he told McKinley to get back in the van and close the door. Autrey retained Haywood's driver's license and the van rental agreement. Autrey then went beyond merely conducting a routine traffic stop by questioning Haywood about the presence of drugs and weapons in the van as Officer Sullivan questioned McKinley. See *Rogers*, supra. Moreover, Autrey himself testified that when he told McKinley to get back in the van, McKinley was not free to leave. Under these circumstances, the officers' conduct communicated to McKinley and Haywood that they were not free to decline the officers' requests or terminate the encounter. Because McKinley was not free to leave, he was seized and that seizure must be supported by reasonable suspicion. *State v. Jackson*, supra.

The facts of the instant case are indistinguishable from those in *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992), and *Johnson v. State*, 197 Ga. App. 538 (398 SE2d 826) (1990). In *Moreland*, we held that an anonymous telephone tip that two black men in a dark red Camaro were selling drugs in the Eastgate-Fairmount area of Newnan did not provide reasonable suspicion for a stop of the car. In *Johnson*, we held that an anonymous tip that two black men in a black truck were selling drugs on Lewis Street would not warrant a man of reasonable caution in the belief that a stop was appropriate. Likewise, the anonymous tip in this case, without more, did not warrant the stop of McKinley and Haywood. Compare *State v. Ball*, 207 Ga. App. 729 (429 SE2d 258) (1993). "[F]or an anonymous telephone

tip to provide a basis for articulable suspicion for police to make an investigatory stop, the tip must provide some basis for predicting the future behavior of the subject of suspicion." (Citations and punctuation omitted.) *Moreland*, supra at 219. As in *Moreland* and *Johnson*, the anonymous tip in the case at bar was general and completely lacking in detail; it made no prediction about future behavior by which its reliability could be tested. "The tip alone provided virtually nothing from which one might conclude that the caller is either honest or his information reliable; likewise, the tip gave absolutely no indication of the basis for the caller's predictions regarding the suspect's criminal activities. Although the tip in the case sub judice certainly warranted police investigation, further observation and corroboration were required before a forcible stop was authorized." (Citations and punctuation omitted.) *Moreland*, supra at 219. The stop of McKinley and Haywood was unauthorized and therefore the consent obtained for the search of the van was tainted and did not validate the search. *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514) (1988). Because the cocaine found in the van was the result of an illegal search, the trial court erred in denying McKinley's motion to suppress.

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 30, 1994.

*Knight & Marlowe, Terry J. Marlowe*, for appellant.

*J. Brown Moseley, District Attorney, Ron S. Smith, Assistant District Attorney*, for appellee.