A94A2654. THE STATE v. FOWLER et al.
(451 SE2d 124)

BLACKBURN, Judge.

The State appeals the trial court's grant of defendants' motions to suppress. James D. Fowler, Derek A. Burnett, and James Wilson were each indicted on one count of possessing cocaine. Burnett was indicted on a second count of possessing marijuana. On appeal, the State asserts that the trial court erred by granting the defendants' motions to suppress based upon the lack of an articulable suspicion of criminal activity to justify the stops made of them.

The evidence at the suppression hearing reflects that on April 1, 1993, a police surveillance for Fowler, Burnett, and Wilson was established at a roadside convenience store because they had previously been seen in the parking lot. During the course of the surveillance, two officers, Lieutenant Roland and Trooper Rozelle, observed Burnett and Wilson arrive in a car driven by Burnett. Both then saw Wilson make a telephone call. Shortly thereafter, Fowler arrived and Wilson joined Fowler in the front seat of Fowler's car. The officers observed what they described as back and forth motions between the two men and they concluded that a drug transfer had occurred, even though they had seen nothing change hands and indeed, they could not even see the hands of the two men. Wilson returned to the car driven by Burnett, and the cars departed the convenience store in different directions. Wilson was empty-handed as he walked back to the car. Roland and Rozelle radioed police that a drug transfer had occurred, and the police subsequently stopped the vehicles for that reason alone. Cocaine was seized from the vehicles immediately following the stops. The defendants dispute the officer's contention that the searches were consensual.

"Although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Investigative stops of vehicles are analogous to *Terry*-stops, and are invalid if based upon only unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation

that the person stopped is, or is about to be, engaged in criminal conduct." (Citations and punctuation omitted.) *Burdette v. State*, 210 Ga. App. 471, 472 (436 SE2d 502) (1993). " ' "What is demanded of the police officer, as the agent of the state, is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing. . . ." ' " *State v. Holton*, 205 Ga. App. 434, 436 (422 SE2d 295) (1992).

Critical to the determination of the validity of a stop is whether the officer making it possessed particularized and objective reasons for suspecting the person stopped of criminal activity. *Postell v. State of Ga.*, 264 Ga. 249, 250 (443 SE2d 628) (1994); *McKinley v. State*, 213 Ga. App. 738, 740 (445 SE2d 828) (1994). See *State v. Brown*, 212 Ga. App. 800, 801 (442 SE2d 818) (1994).

In the instant circumstances, it is uncontroverted that the stops were effected upon Lieutenant Roland's and Trooper Rozelle's radioed reports indicating that a drug transfer had occurred. Roland testified that his conclusion that a drug deal had occurred and his subsequent radioing of this conclusion were based simply on his suspicion, not on anything specific that he observed. Neither Roland nor Rozelle observed any transaction occur on the subject evening.

"The trial court's findings on questions of fact and credibility at a suppression hearing must be accepted on appeal unless clearly erroneous. *Harris v. State*, [205 Ga. App. 813, 814 (423 SE2d 723) (1992)]." *State v. Barnes*, 210 Ga. App. 654 (436 SE2d 798) (1993); *Norris v. State*, 258 Ga. 889, 890 (1) (376 SE2d 653) (1989).

The trial court held that there was no appropriate factual basis for the officer's conclusion that a drug deal had occurred. That which is insufficient in its own right cannot be made sufficient by the fact that it is broadcast over a police network.

In light of the foregoing, we cannot say that the trial court erred in granting defendants' motions to suppress.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 7, 1994.

*Douglas C. Pullen, District Attorney, Peter B. Hoffman, Assistant District Attorney,* for appellant.

*Richard L. Montgomery, Garner, Reynolds & Pruitt, Michael E. Garner, Richard A. Bunn,* for appellees.