Michael FERRELL *v.* STATE of Arkansas

CA CR 82-121                    644 S.W.2d 302

Court of Appeals of Arkansas
Opinion delivered December 15, 1982
[Rehearing denied January 19, 1983.]

*John Burris,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Michael Ferrell, was found guilty of possession of a controlled substance and was sentenced to one year in the Clay County jail and fined $1,000.00. We affirm.

Deputy Sheriff Jim Earl Groning and Game and Fish Warden Austin Arnold observed appellant and William J. Woods parked on Highway 135. Upon approaching the vehicle, Deputy Groning observed beer bottles strewn about the car. The officer asked the driver, William Woods, for his

driver's license. When Woods got out of the car to show his license, the officer observed marijuana butts, seeds and a roach clip on the floorboard of the vehicle. After gathering these items up, Mr. Woods told the officer to look in the trunk of the car. The appellant was in an intoxicated state. He ran away from the officers and returned after the officers had searched the vehicle.

According to Rule 11.2 (b) of the Arkansas Rules of Criminal Procedure a vehicle can be searched if consent is given by the registered owner or one who is in "apparent control of the operation at the time consent is given." Clearly consent was given in this case by one in "apparent control." Some relatively recent cases in Arkansas have determined the question of apparent authority to consent. The United States District Court stated in *U.S.* v. *Butler*, 495 F. Supp. 679 (E.D. Ark. 1980) that:

> It is well settled that consent to search effective to validate a warrantless search and seizure may, in appropriate circumstances be given by a person other than the victim of the search. *Frazier* v. *Cupp*, 394 U.S. 731 (1969). This third person authority may be based upon the fact that the third person shares with the absent target of the search a common authority over, general access to or mutual use of the place or object sought to be inspected under circumstances that make it reasonable to believe that the third person has the right to permit the inspection in his own right and that the absent target has assumed the risk that the third person may grant this permission to others. *United States* v. *Matlock*, 415 U.S. 164 (1974).

It was reasonable for Deputy Sheriff Groning to believe that William Woods could consent to the search. When the sheriff first saw the Ferrell vehicle, Woods was the driver of the vehicle. The Sheriff also testified that he did not know Ferrell was the actual owner until he looked up the registered owner the next day. Although appellant later protested, initially, Woods went to the trunk of the car to let the deputy search it without any argument on Ferrell's part. Woods testified that the appellant wanted him to drive

because he had been drinking. Thus, Woods had apparent control of the vehicle. In addition, appellant abandoned the car, leaving the keys to the vehicle with the officers.

We hold that the trial court was correct in refusing to grant appellant's motion to suppress and affirm.