2009 Ark. App. 514

**Mary Joann COLE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CACR 09–31.

Court of Appeals of Arkansas.

June 24, 2009.

Kristofer E. Richardson, Jonesboro, for appellant.

Dustin McDaniel, Att'y Gen., by: Pamela A. Rumpz, Ass't Att'y Gen., for appellee.

WAYMOND M. BROWN, Judge.

Mary Joann Cole negotiated a plea of guilty to theft of property, for which she received four years' probation. She brings this appeal pursuant to Arkansas Rule of Criminal Procedure 24.3(b), contending that the trial court erred in denying her motion to suppress. Specifically, she argues that the police officer conducting the search did not have valid consent to search. We affirm, as the officer conducting the search had consent to do so, despite that consent coming from the driver.

Chad Couch of the Greene County Sheriff's Department was on patrol in the early morning hours of December 20, 2007, when he drove upon a car traveling west on a county road. As Couch grew closer to the car, the driver accelerated away and turned off the car's headlights. Couch continued driving and lost sight of the car. He then turned around and drove into a farm shop, where he discovered the car. Brice Brumble was the driver. Cole, who was the owner of the car, and Joshua Stickle were the two passengers.

According to Couch's testimony, Couch walked to the driver's side of the car and asked Brumble for his identification. He could not recall whether he asked for the registration, though he stated that he usually does upon stopping a car. Couch also asked Cole and Stickle for their identification. He then asked Brumble to step outside the car. After asking some questions, Couch asked for consent to search the car. According to Couch, Brumble consented, and Couch logged the consent by reporting

it to the primary dispatch.[1] During the search, Couch found several rolls of stolen copper wire and aluminum tubing in the trunk.

Prior to the search but after the stop, Officer Sidney Binkley came to assist. Binkley knew Cole from a previous encounter, and he was aware that Cole, not Brumble, owned the car. On cross-examination, Binkley stated that he informed Couch that Cole owned the car. This contradicted Couch's testimony, who stated that he did not know the true owner of the vehicle when he requested consent to search. After the items were discovered, Binkley read Cole her rights and asked about the items in the trunk. She told Binkley that she dropped off the other two and picked them up later, along with the wire and tubing.

After taking the matter under consideration, the trial court denied Cole's motion to suppress. It found that Brumble, as the driver of the car, had authority to consent to the search of the car. On October 7, 2008, Cole executed a conditional plea of guilty, reserving her right to appeal from the denial of the motion to suppress. A separate judgment and commitment order was entered that same day, and this appeal followed.

■ In reviewing the denial of a motion to suppress, this court makes an independent determination based on the totality of the circumstances while giving due weight to inferences drawn by the trial court. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003). We do not reverse the trial court's decision on a motion to suppress unless that decision was clearly erroneous. *Lawson v. State*, 89 Ark.App. 77, 200 S.W.3d 459 (2004).

■ Under Arkansas Rule of Criminal Procedure 11.2(b), "The consent justifying a search and seizure can only be given, in the case of . . . [the] search of a car, by the person registered as its owner or in apparent control of its operation or contents at the time consent is given[.]" We interpreted the rule in *Ferrell v. State*, 7 Ark. App. 36, 644 S.W.2d 302 (1982). There, the officer saw a vehicle parked along a highway; beer bottles were strewn about the car. The appellant, owner of the car, was sitting as a passenger. The officer asked the driver for his license. When the driver exited the vehicle, the officer saw marijuana butts and a roach clip on the floorboard. The driver then told the officer to look in the trunk. At that time, the appellant ran away from the officers; he did not return until after the search. We held that the search was valid.

In light of Rule 11.2(b) and *Ferrell*, we hold that a police officer may rely on the consent to search given by the driver of a vehicle, even in the presence of the owner of the vehicle, unless the owner asserts his or her right to refuse consent. When the owner of a car allows another person to drive his or her car, he or she gives that person temporary authority to consent to a search of that car. The consent given to a police officer by the driver is valid, absent an objection from the owner. Nonetheless, we hope that police officers will make an effort to identify the owner of a vehicle before asking for consent to search and to obtain consent from the owner if present.[2]

1. Testifying on Cole's behalf, Brumble told the trial court that he informed Couch that he could not give consent because Cole was the owner of the car. Cole testified on her own behalf and stated that Couch never asked for consent to search. The trial court found both Brumble and Cole not credible.

2. This holding is consistent with decisions from other jurisdictions. *See United States v. Eldridge*, 984 F.2d 943 (8th Cir.1993); *Ledda*

Couch obtained consent to search from Brumble, who was in apparent control of the vehicle at the time of the search. Cole was present and did not object to the search. The testimony is conflicting as to whether Couch knew that Cole, not Brumble, was the owner of the vehicle, but without an objection from Cole, that matter is irrelevant. Couch had valid consent to search Cole's vehicle. Accordingly, we affirm the denial of the motion to suppress.

Affirmed.

VAUGHT, C.J., and KINARD, J., agree.

v. State, 564 A.2d 1125 (Del.1989); People v. Sanchez, 292 Ill.App.3d 763, 226 Ill.Dec. 737, 686 N.E.2d 367 (1997). But see Johnson v. State, 905 P.2d 818 (Okla.Crim.App.1995) (holding that the consent of the driver was invalid when the officer knew that the passenger was the owner of the automobile).